IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL ISHMAL, a resident of 10804 Lariat Way Upper Marlboro MD 20772,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACEY TURNER, a resident of 2901 North Capital Street, NE Washington, DC 20002,<br><br>and<br><br>TURNER DEVELOPMENT LLC, a Washington D.C. limited liability corporation with the registered address 2901 North Capital Street, NE Washington, DC 20002<br><br>    Defendants. | No.: _____ |

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

COMES NOW Plaintiff Earl Ishmal ("Mr. Ishmal"), through counsel, files its complaint for damages and other relief (the "Complaint") against Defendants Tracey Turner ("Tracey") and Turner Development LLC ("Turner Development") (collectively "Defendants"), and hereby states as follows:

**SUBSTANCE OF THE ACTION**

Mr. Ishmal is suing Defendants for (1) breach of their Promissory Note and (2) breach of the Forbearance Agreement after Mr. Ishmal provided Turner Development the key funding it needed to purchase 195.3 acres of property located at 1001 Old Aiken Rd. North Augusta, South Carolina 29841 (the "Property"). In exchange for providing Turner Development with $200,000.00 to aid in securing the Property, Turner Development, through its sole owner Tracey Turner, was obligated to pay Mr. Ishmal $200,000.00 on August 1, 2021 and $100,000.00 on March 1, 2022. Turner Development then entered a Forbearance Agreement with Mr. Ishmal

170107152v1

wherein Turner Development was obligated to pay an additional $20,000 to Mr. Ishmal as of January 1, 2024. Turner Development failed to make any additional payments pursuant to the Forbearance Agreement.

To date, Turner Development owes Mr. Ishmal a total of $290,000.00. On information and belief, TDI and Tracey are holding hostage the payments owed to Mr. Ishmal in hopes of securing better deals and more funding from future business dealings associated with the Property. On further information and belief, since the agreement between the Mr. Ishmal and Turner Development was never secured by the Property at the time of purchase, Turner Development and Tracey have intentionally hidden this information from potential investors in an effort to obtain funding for developments to the Property with no intention to fulfill the other outstanding contractual obligations. Mr. Ishmal now seeks to recover the payments owed to it and to remedy Tracey and Turner Development's deceptive conduct.

## PARTIES

1. Earl Ishmal is an individual currently residing in Upper Marlboro, M.D. 20772.

2. Turner Development LLC is a sole-membership limited liability company with its principal place of business at 2901 North Capital Street, NE Washington, DC 20002. Turner Development's sole member resides in Washington D.C.

3. Tracy Turner is an individual currently residing in Washington D.C.

## JURISDICTION AND VENUE

4. This Court has federal diversity jurisdiction pursuant to 28 U.S. Code § 1332. Both Tracey and the members of Turner Development are citizens of the District of Columbia. Mr. Ishmal is a citizen of Maryland. The amount in controversy exceeds $75,000.

5. This Court also has subject matter jurisdiction over the related South Carolina state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. This Court has personal jurisdiction over Defendants because they have extensive contacts with and regularly conduct business within the District of Columbia and this judicial district; Turner Development was incorporated in this judicial district; Tracey is a resident of this judicial district; and Defendants have caused their products and/or services to be advertised, promoted, and sold in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have extensive contacts with and regularly conduct business within the District of Columbia and this judicial district; Turner Development was incorporated in this judicial district; Tracey is a resident of this judicial district; and Defendants have caused their products and/or services to be advertised, promoted, and sold in this judicial district.

## FACTUAL BACKGROUND

### The Underlying Contract

8. In January of 2021, Tracey contacted Mr. Ishmal to discuss a development opportunity on 195.3 acres of property located at 1001 Old Aiken Rd. North Augusta, South Carolina 29841 (the "Property").

9. Tracey represented to Mr. Ishmal that the property was valued well over $1.5 million and that he was acquiring the property at $1.2 million for instant equity.

10. Tracey represented to Mr. Ishmal that he did not have $1.2 million to purchase the Property and would need to borrow the money from investors.

11. Tracey represented to Mr. Ishmal that he wanted to buy the Property to develop single family homes, apartment homes, retail space, and other multi-use facilities.

12. Tracey represented to Mr. Ishmal that he needed to buy the property now or else others would try to take the deal out from under him.

13. Tracey represented that purchasing the Property was a "no lose" opportunity because the land would instantly increase in value due to its newly discovered residential zoning status and the various development opportunities that are now present because of the residential zoning.

14. Tracey requested that Mr. Ishmal invest $200,000 or more with Turner Development so that the company could purchase the Property.

15. In February 2021, Turner Development, through Tracey, entered a binding Promissory Note (the "Contract") with Mr. Ishmal.

16. Also in February 2021, Turner Development, through Tracey, entered a binding Addendum to Promissory Note (the "Addendum") with Mr. Ishmal.

17. The Contract detailed Mr. Ishmal's principal payment to Turner Development in the amount of $200,000 (the "Principal Payment").

18. In exchange for the Principal Payment, Turner Development agreed to repay $200,000 to Mr. Ishmal on or before August 1, 2021 (the "Principal Maturity Date").

19. As bargained for consideration for the Principal Payment, Turner Development further agreed to make an additional payment in the amount of $100,000 to Mr. Ishmal (the "Contract Payment") on or before March 1, 2022 (the "Contract Maturity Date").

20. Tracey represented that he would make sure Mr. Ishmal received both the Principal and Contract Payments.

21. Tracey represented that if he had to, he would personally pay the Principal and Contract Payments to ensure on time payment.

22. Tracey further represented that in the worst-case scenario, Tracey would sell the Property at a profit to ensure that Mr. Ishmal received both the Principal and Contract Payments.

170107152v1

23. Tracey knew that he could not purchase the Property without additional funding from Mr. Ishmal and other investors.

24. Upon information and belief, Tracey also obtained funding from another investor doing business in Florida (the "Florida Investor").

25. Upon information and belief, Tracey was obligated to disclose the Contract to the Florida Investor.

26. Upon information and belief, Tracey did not inform the Florida Investor about the Contract.

27. Tracey repeatedly informed Mr. Ishmal that Tracey would pay him the money that was due.

28. Turner Development failed to pay the Principal Payment by the Principal Maturity Date.

29. Turner Development also failed to pay the Contract Payment by the Contract Maturity Date.

30. Upon information and belief, Tracey uses Turner Development as nothing more than an alter-ego to Tracey's personal business dealings and desires.

31. Upon information and belief, Tracey has received numerous market value and better than market value offers to purchase the Property.

32. Upon information and belief, Tracey has received numerous reasonable offers to joint venture to develop the Property.

33. Rather than pursue deals that would make Tracey's investor's whole, Tracey is merely interested in personal gain.

34. Despite having represented that Tracey would make sure Mr. Ishmal received timely payments, Tracey turned down multiple offers to sell or develop the land, which would have provided funding to pay the Principal and Contract Payments.

35. On information and belief, Tracey and Turner Development have other, undisclosed investors that have yet to be paid the monies owed to them.

**The Forbearance Agreement**

36. Despite multiple demands for payment, Tracey and Turner Development refused repay the Principal and Contract Payments in full.

37. Turner Development only paid $30,000 towards the Contract but failed to fully satisfy its payment obligations.

38. Turner Development later entered a Forbearance Agreement wherein it agreed to pay an additional $5,000 per month for a four-month forbearance period on Mr. Ishmal's ability to enforce the Contract. A true and accurate copy of the Forbearance Agreement is attached hereto as **Exhibit A**.

39. Turner Development was represented by counsel when it entered the Forbearance Agreement.

40. Turner Development failed to make payments pursuant to the Forbearance Agreement.

41. To date, Turner Development owes a total of $290,000.00 to Mr. Ishmal.

42. Tracey and Turner Development have no desire to fulfill the obligations of the Contract or the Forbearance Agreement.

43. Tracey and Turner Development have no desire to fulfill the obligations of contracts with other undisclosed investors.

44. As a result of Tracey's and Turner Development's conduct, Mr. Ishmal has lost (and continues to lose) goodwill, business opportunities related to other real estate development projects, and market interest.

45. Tracey has repeatedly made verbal promises to pay the amounts owed to Mr. Ishmal on no fewer than five (5) occasions.

46. Tracey has also repeatedly lied to Mr. Ishmal, including lies that he has "secured a deal" for the Property, that he is "under contract," that closing "will happen soon," and that "everyone will be paid by the end of the month," on no fewer than five (5) occasions.

47. In response, Mr. Ishmal has repeatedly asked for a terms sheet, settlement sheet, or proof of funds showing that Tracey will have the money to pay the debt.

48. Despite promising to pay and promising to provide a terms sheet or proof of funds, Tracey never fully paid Mr. Ishmal the debt and never provided any evidence of a deal.

49. Tracey impermissibly uses Turner Development as his alter ego.

50. Mr. Ishmal issued notice to Tracey and Turner Development of their breaches of the Contract and Forbearance Agreement on March 13, 2024.

## COUNT ONE
**(South Carolina Unfair Trade Practices, S.C. Code Ann. § 39-5-10, *et seq*.)**

51. Mr. Ishmal incorporates the allegations contained in paragraphs 1 through 50 as if fully restated herein.

52. Defendants' actions described above and specifically, without limitation: Defendants' refusal to pay the Principal and Contract Payments or the Forbearance Agreement payments; Defendants' failure to disclose Mr. Ishmal to subsequent investors; Defendants' intentional evasion of members of Mr. Ishmal; and Defendants' misrepresentations as to when Defendants would pay the Principal and Contract Payments or the Forbearance Agreement

payments, constitute unfair or deceptive acts in the conduct of trade or commerce. The Defendants' unfair or deceptive acts have affected the public by deceiving potential investors out of their money with no intention to repay. Mr. Ishmal has suffered monetary loss of business opportunities and subsequent investments through the Defendants' unfair or deceptive acts, all in violation of the laws of the State of South Carolina.

53. By these unfair or deceptive actions, Defendants have engaged in deceptive and unfair trade practices in violation of S.C. Code Ann. § 39-5-10, *et seq*., and, as a result, Mr. Ishmal has suffered and will continue to suffer monetary damage as well as damage to its business, reputation, and goodwill.

54. As a direct and proximate result of Defendants' willful, knowing, and intentional actions, Mr. Ishmal has suffered damages in an amount to be determined at trial and Mr. Ishmal will continue to suffer irreparable damage.

55. The actions of Defendants described above were and continue to be deliberate and willful, and in bad faith. Mr. Ishmal is entitled to recover the costs of this action and attorneys' fees. *See* S.C. Code Ann. § 39-5-140.

## COUNT TWO
### (Breach of Contract)

56. Mr. Ishmal incorporates the allegations contained in paragraphs 1 through 54 as if fully restated herein.

57. Defendants entered the enforceable, written Contract.

58. Pursuant to the Contract, Defendants were obligated to pay the Principal and Contract Payments by the corresponding due dates.

59. Defendants have blatantly and willfully breached the Contract by failing to pay the Principal and Contract Payments.

60. Defendants have ignored Mr. Ishmal's notice to Defendants of their breach of the Contract and Mr. Ishmal's demands for the Principal and Contract Payments.

61. As a result of this breach, Mr. Ishmal has been and continues to be damaged in an amount to be proven at trial, including interest, costs, and attorney fees.

## COUNT THREE
### (Breach of Forbearance Agreement)

62. Mr. Ishmal incorporates the allegations contained in paragraphs 1 through 61 as if fully restated herein.

63. Defendants entered the enforceable, written Forbearance Agreement.

64. Pursuant to the Forbearance Agreement, Defendants were obligated to pay $20,000.00 by the due dates therein.

65. Defendants have blatantly and willfully breached the Forbearance Agreement by failing to pay the $20,000.00 obligation.

66. Defendants have ignored Mr. Ishmal's notice to Defendants of their breach of the Forbearance Agreement.

67. As a result of this breach, Mr. Ishmal has been and continues to be damaged in an amount to be proven at trial, including interest, costs, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Earl Ishmal respectfully prays for:

68. A judgment in favor of Mr. Ishmal on all counts of the Complaint;

69. An order and judgment that Defendants pay the Principal and Contract Payments;

70. An order and judgment that Defendants pay the $20,000.00 due pursuant to the Forbearance Agreement;

71. Actual damages suffered by Mr. Ishmal as a result of Defendants' unlawful conduct;

72. An award of Mr. Ishmal's reasonable attorney fees and costs, including pursuant to S.C. Code Ann. § 39-5-140;

73. An award of interest to Mr. Ishmal, including pre-judgment and post-judgment interest, on the foregoing sums; and

74. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

75. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Ishmal respectfully requests a trial by jury of all issues properly triable by jury.

Respectfully submitted this 8th day of April, 2024.

*/s/ Kimberly Delk Eason*
Kimberly Delk Eason
(Bar ID. GA0032)
TROUTMAN PEPPER HAMILTON SANDERS LLC
600 Peachtree St. NE
Suite 3000
Atlanta, Georgia 30308
Phone: (757) 268 – 6977
Email: kimberly.eason@troutman.com

*Attorney for Earl Ishmal*

170107152v1