# EXHIBIT A

# FORBEARANCE AGREEMENT

This Forbearance Agreement ("**Agreement**") is entered into by and between (a) Mr. Earl Ishmal ("**MR. ISHMAL**" or "**Party**"), (b) TURNER DEVELOPMENT, LLC ("**TDLLC**" or "**Party**"), AND (c) TRACEY TURNER ("**Turner**" or "**Party**"). MR. ISHMAL, TDLLL, and Turner may also be referred to collectively as the "**Parties**". This Agreement is effective as of the date it is signed by the last Party to sign it, as indicated by the date next to that Party's signature ("**Effective Date**").

## RECITALS

WHEREAS TDLLC is indebted to MR. ISHMAL in the amount of Two Hundred Seventy Thousand dollars ($270,000) ("Debt") which was due and payable in full on or before August 31, 2023, pursuant to agreed terms between the parties ("Agreed Terms");

WHEREAS, the Debt initially amounted to Three Hundred Thousand Dollars ($300,000) (the "Initial Debt") in consideration for MR. ISHMAL's initial investment towards TDLLC's development of the Weeping Willows real estate development project in Aiken, South Carolina;

WHEREAS, TDLLC has already paid Thirty Thousand dollars ($30,000) towards the Initial Debt;

WHEREAS, TDLLC failed to pay the Debt pursuant to the Agreed Terms;

WHEREAS, the Parties are entering into this Agreement to allow MR. ISHMAL to forebear filing a complaint in the applicable Court ("extension"), to establish a fee provision for each and every month that payments are delayed and an extension is granted, and to extend the due date for the Debt pursuant to the Agreed Terms with conditions.

NOW, THEREFORE, in consideration of the foregoing recitals, mutual releases, promises, covenants, representations, and warranties contained in this Agreement, and for other good and valuable consideration, the sufficiency of which the parties hereby acknowledge, the parties agree as follows:

## AGREED TERMS

1. Extension. MR. ISHMAL shall hereby withhold filing a complaint against TDLLC and Turner ("Complaint") until after December 31, 2023, upon and subject to the following terms and conditions.

2. For each month or part thereof after August 31, 2023, that the Debt has not been paid, and an extension is granted, TDLLC shall pay MR. ISHMAL a monthly fee of $5,000 ("Extension Fee"), payable as follows: September and October 2023, $10,000 due October 31, 2023; November 2023, $5,000 due November 30, 2023; December 2023, $5,000 due December 31, 2023; and so on. The Extension Fees are continuous provided extensions are granted and must be paid in addition to the outstanding Debt. If the Debt is not paid in full by December 31, 2023, the Extension Fees will continue each month that an extension is granted, until any lawsuit to recover the Debt is filed. If the Debt is paid in full ($270,000) in any month prior to December 2023, the Extension Fee for the month in which the Debt is paid shall be paid in addition to the full payment of the Debt. Once a lawsuit is filed or a judgment is entered, Extension Fees shall cease. Any judgment obtained shall bear interest at the legal rate, as allowed by applicable law.

3. The Extension Fee for the months of September and October 2023 is due and payable on or before October 31, 2023. Provided, if the Debt is not paid in full before November 30th, or December

DocuSign Envelope ID: 6C9B301E-3EEC-4C62-A9F4-B81E9CA5F36C

31st, as the case may be, then the Extension Fee for the month of November is due and payable on or before November 30, 2023, and the Extension Fee for the month of December is due and payable on or before the December 31, 2023. Failure to pay the Extension Fee when due shall result in MR. ISHMAL filing a lawsuit and any such other and further relief available by law, except as otherwise agreed to in writing by the parties.

4. <u>Confidentiality</u>. The Parties agree that the terms of this Agreement are confidential and should not be disclosed to anyone and that, if asked, they will simply state that the matter was "Resolved." Notwithstanding the foregoing, the Parties agree that they are permitted to disclose the existence and terms of this Agreement: (a) As may be required or necessary to enforce the terms of this Agreement; (b) As required by Subpoena or Court Order or as required by any federal, state, or local government inquiry, or to comply with applicable substantive or procedural law, or as requested/required by any state governing and licensing boards or professional associations; (c) As may be necessary to consult with financial planners, accountants, auditors, or attorneys.

5. <u>Non-Disparagement</u>. The Parties agree that neither Party will make and/or publicize any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or the other Party's spouse, attorneys, or representatives.

6. <u>Agreement is Legally Binding</u>. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates. Moreover, the persons and entities referred to in paragraph 3 above, but not a Party, are third-party beneficiaries of this Agreement.

7. <u>Entire Agreement</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

8. <u>New or Different Facts: No Effect</u>. Except as provided herein, this Agreement shall be, and remain, in effect despite the discovery or existence of any new or additional facts, or any facts different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

9. <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

10. <u>Choice of Law</u>: This Agreement and all related documents including all exhibits attached hereto, and all matters arising out of or relating to this Agreement, whether sounding in Note, tort, or statute are governed by, and construed in accordance with, the laws of the District of Columbia, United States of America (including its statutes of limitations), without giving effect to the conflict of laws

DocuSign Envelope ID: 6C9B301E-3EEC-4C62-A9F4-B81E9CA5F36C

provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the District of Columbia.

In the event of any litigation, the prevailing party will be entitled to recover its reasonable attorneys' fees and other costs of collection.

11. <u>Choice of Forum</u>: The federal courts of the District of Columbia shall be the exclusive forums for litigation concerning this Agreement. All parties to this Agreement consent to personal jurisdiction in such courts as well as service of process by notice sent by regular mail to MR. ISHMAL at the attention of Kimberly Eason at 600 Peachtree Street NE, Suite 3000 Atlanta, GA 30308, and Turner and TDLLC at 2901 North Capital Street, NE, Washington, DC 20002, or by any means authorized by District of Columbia law.

12. <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

13. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. <u>Severability</u>. The Paragraphs of this Agreement are severable. A finding that any particular Paragraph of this Agreement is invalid or unenforceable will not affect the validity or enforceability of the remaining provisions of the Agreement.

15. <u>Authority to Execute Agreement</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

[Signatures to Follow on Pages 3]



**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

_____     11-24-23_____
By: Earl Ishmal                                              Date

STATE OF District of Columbia SS CITY/COUNTY OF ____n/A_____ To Wit:

**I HEREBY CERTIFY** that on this __24__ day of __november_____, 2023, before me, the undersigned, a Notary Public of the State and City/County aforesaid, personally appeared Earl Ishmal, known to me or satisfactorily proven to be the person whose name is subscribed to the **FORBEARANCE AGREEMENT**, and acknowledged that he executed the same for the purpose therein contained.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: 01/14/2028

[Notary Seal: CAROL GERALD, NOTARY PUBLIC, DISTRICT OF COLUMBIA]

4

DocuSign Envelope ID: 6C9B301E-3EEC-4C62-A9F4-B81E9CA5F36C

| TURNER DEVELOPMENT, LLC | TRACEY D. TURNER |
|---|---|
| *Tracey Turner* | *Tracey Turner* |
| By: Tracey D. Turner | |
| Date: 11/8/2023 | Date: 11/8/2023 |

STATE OF __Maryland__, ~~CITY~~/COUNTY OF __Montgomery__ To Wit:

    I HEREBY CERTIFY that on this __8th__ day of __November__, 2023, before me, the undersigned, a Notary Public of the State and City/County aforesaid, personally appeared Tracey D. Turner, known to me or satisfactorily proven to be the person whose name is subscribed to the **FORBEARANCE AGREEMENT**, and acknowledged that he executed the same for the purpose therein contained.

    **IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: __1/7/2026__

ESCARLING JARQUIN
Notary Public - State of Maryland
Montgomery County
My Commission Expires Jan 7, 2026

5