**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EARL ISHMAL,

     *Plaintiff,*

     v.

TRACEY TURNER et al.,

     *Defendants*.

Civil Action No. 24-997 (TJK)

## MEMORANDUM

The Court assumes familiarity with the background of this case as set out in its prior Memorandum Order.  ECF No. 18.  To briefly recap, Earl Ishmal alleges that in February 2021, he contracted with Turner Development LLC through its sole member Tracey Turner to invest in real estate in South Carolina.  ECF No. 1 ¶¶ 2, 8, 15, 16.  But, Ishmal says, Turner Development breached the contract to the tune of $270,000.  *Id.* ¶¶ 18–19, 37.  Ishmal, Turner, and Turner Development then entered into a forbearance agreement under which Ishmal agreed not to sue to recover the debt until 2024 in exchange for another $20,000—but Turner Development breached that contract, too.  *Id.* ¶¶ 38, 40; ECF No. 1-1 ¶¶ 1–2.  So Ishmal sued Turner and Turner Development.  ECF No. 1.  He brings three counts against both of them: Count One, unfair trade practices under South Carolina law; Count Two, breach of the initial investment contract; and Count Three, breach of the forbearance agreement.  *Id.* ¶¶ 51–67.

After neither Turner Development nor Turner appeared, the Clerk of Court entered default against Turner Development in July 2024, and against Turner in August 2025.  ECF Nos. 6, 21. Ishmal moved for default judgment against Turner Development, requesting $290,000 from the two breached contracts, other "actual damages," and interest.  ECF No. 16.  The Court found that Ishmal had "met his burden to show that he [was] entitled to a default judgment for $290,000"

against Turner Development but had not met his burden to show he was entitled to "actual damages" or pre- and post- judgment interest.  ECF No. 18 at 3–4.  So it denied Ishmal's motion without prejudice but advised that he could "move for default judgment again and address these deficiencies." *Id.* at 4.

Ishmal now both renews his motion for default judgment against Turner Development and moves for the first time for default judgment against Turner.  ECF Nos. 22, 23.  He asks the Court to enter default judgment against both and award him $290,000 for breach of the initial investment contract and forbearance agreement.[1]  ECF No. 22 at 2; ECF No. 23 at 2.  In other words, Ishmal renews his motion against Turner Development, seeking only those damages which the Court already concluded were warranted, and moves for default judgment against Turner for the same amount, on the same basis.  The Court will grant the motion as to Turner Development, but deny it as to Turner without prejudice, because Ishmal has not sufficiently established Turner's liability for Turner Development's investment contract.

Default judgment is a two-step process.  First, a plaintiff must obtain an entry of default, which is available when a defendant "has failed to plead or otherwise defend" itself.  Fed. R. Civ. P. 55(a).  Second, "[o]nce default has been entered, the plaintiff may move for default judgment." *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 945 F. Supp. 2d 81, 85 (D.D.C. 2013) (citing Fed. R. Civ. P. 55(b)).  "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011).  But "it does not automatically establish liability in the amount claimed by the plaintiff." *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013).  Instead, absent an exception

---

[1] Each motion also asks for reasonable attorneys' fees and costs but clarifies that Ishmal will seek those sums in a later filing, which he may do subject to Federal Rule of Civil Procedure 54(d).  ECF No. 22 at 2; ECF No. 23 at 2.

not relevant here, the Court must "make[] an independent determination as to the sum to be awarded." *Id.* at 13 (quotation omitted). And although the Court "has considerable latitude in determining the amount of damages," it must "ensure that there is a basis for the damages specified in the default judgment." *Boland*, 763 F. Supp. 2d at 67 (cleaned up).

The Court concludes now, as it did in its prior Memorandum Order, that Ishmal has shown that he is entitled to a default judgment against Turner Development for $290,000. *See* ECF No. 18. This is because the forbearance agreement shows that Turner Development owes Ishmal $270,000 for the initial investment contract. ECF No. 1-1 at 2. It also shows that Turner Development agreed to pay him $20,000 to delay filing a debt-collection suit until after December 31, 2023. *Id.* ¶ 2. And the Clerk's entry of default establishes that Turner Development is liable for breaching its obligation to pay those sums. So the Court will grant Ishmal's motion for default judgment as to Turner Development and enter judgment for $290,000 for breach of the initial investment contract and the forbearance agreement.

Whether default judgment is warranted against *Turner* is murkier, at least as for the $270,000. Turner Development and Turner were both parties to the forbearance agreement. ECF No. 1-1 at 2. So, at a minimum, Turner is jointly and severally liable, along with Turner Development, for the $20,000 payment owed under that agreement—after all, he signed it. *See id.* at 6. But the Complaint alleges that only *Turner Development*, not Turner, signed the initial investment contract with Ishmal. ECF No. 1 ¶¶ 15–17. And the Court finds that the "well-pleaded allegations of the complaint," *Boland*, 763 F. Supp. 2d at 67, do not establish Turner's liability for Turner Development's $270,000 debt under the initial investment contract because Turner Development is a limited liability company—and members of such companies are not generally liable for the debt of the organization, *see, e.g.*, *Heyer v. Schwartz & Assocs. PLLC*, 319 F. Supp. 3d 299, 306 (D.D.C. 2018) (applying District of Columbia law). True, Ishmal alleges that Turner represented

3

he "would personally pay the Principal and Contract Payments" if needed to ensure on time payment.  ECF No. 1 ¶ 21.  Still, Ishmal does not explain the theory through which he seeks to hold Turner liable for the $270,000.

Moreover, analyzing any exception to the general rule that would shield Turner from the debts of his limited liability company would require the Court to apply state law.  And the Court does not have enough information to know what state law applies.  A federal court sitting in diversity generally "must apply the choice of law rules of the forum state."  *PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 72 (D.D.C. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)).  In the District of Columbia, liability is "governed by the law of the jurisdiction chosen by an agreement in the form of a record signed by the affected parties." D.C. Code § 28:5–116 (2018).  But Ishmal did not attach the initial investment contract to the Complaint, nor does he allege any facts from which the Court can determine which state law the parties chose to govern it.

Thus, the Court cannot conclude that Ishmal has pleaded facts showing that Turner is liable for the $270,000 owed from the initial investment contract between Ishmal and Turner Development.  So it will deny Ishmal's motion for default judgment against Turner without prejudice.  He may, of course, move for default judgment against Turner and address these deficiencies, or simply limit any renewed motion against Turner to the $20,000 owed under the forbearance agreement.

A separate order shall issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 27, 2026

4